1  Jeanne L. Zimmer (SBN 123321)
   Zimmerj@cmtlaw.com
2  J. Grace Felipe (SBN 190893)
   Felipeg@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Blvd., Suite 1214
4  Los Angeles, CA 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant,
   AMERICAN AGENCIES, LLC
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  Deon L. Thomas                    )  CASE NO. 5:12-cv-02128-VAP-OP
                                      )
12              Plaintiff,            )
                                      )  **ANSWER TO COMPLAINT AND
13      vs.                           )  DEMAND FOR JURY TRIAL**
                                      )
14  AMERICAN AGENCIES, LLC            )
                                      )
15              Defendant.            )
                                      )
16                                    )
                                      )
17  _____      )

18
        Defendant AMERICAN AGENCIES, LLC, (hereinafter "Defendant") hereby
19
    answers the Complaint ("Complaint") of Plaintiff DEON L. THOMAS ("Plaintiff") by
20
    admitting, denying and alleging as follows:
21

22
                            **INTRODUCTION**
23
        1.    In answering Paragraph 1 of Plaintiff's Complaint, Defendant admits
24
    that Plaintiff has brought an action asserting claims under the Fair Debt Collection
25
    Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.*  and the Rosenthal Fair Debt
26
    Collection Practice Act (the "Rosenthal Act") California *Civil Code* § 1788,
27
    however; Defendant denies any violation thereof or wrongdoing whatsoever.
28

                                    1

## PRELIMINARY STATEMENT

2.   Defendant asserts that the statements contained in Paragraph 2 of Plaintiff's Complaint make no affirmative allegations against Defendant, and therefore; no response from Defendant is required.  To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time.

3.   Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore, denies the same at the present time.

4.   Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## JURISDICTION and VENUE

5.   Defendant admits that this court has jurisdiction for Plaintiff's claims arising under federal law, however; Defendant denies that Plaintiff has a valid claim.

6.   Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore, denies the same at the present time.

7.   Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore, denies the same at the present time.

8.   Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore, denies the same at the present time.

## PARTIES

9.   For its answer to Paragraph 9 of Plaintiff's Complaint, Defendant admits that Deon L. Thomas is the Plaintiff, and based on information and belief, that Plaintiff resides in Riverside County, California.

/ / /

2

10.     For its answer to Paragraph 10 of Plaintiff's Complaint, Defendant admits AMERICAN AGENCIES, LLC is the Defendant with an office located at 2491 Paxton Street, Harrisburg, PA 17111.  However, Defendant denies each of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint as they constitute legal conclusions.

## STATEMENT OF FACTS

11.     For its answer to Paragraph 11 of Plaintiff's Complaint, Defendant admits based on information and belief that Plaintiff is a natural adult person. Defendant lacks sufficient knowledge to admit or deny each of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore, denies the same at the present time.

12.     For its answer to Paragraph 12 of Plaintiff's Complaint, Defendant admits that it attempted to collect a debt from Plaintiff.  Defendant lacks sufficient knowledge to admit or deny each of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore, denies the same at the present time.

13.     In answering Paragraph 13 of Plaintiff's Complaint, Defendant admits that in certain circumstances it may be considered a "debt collector" under the FDCPA and the Rosenthal Act.  However, Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint as it constitutes a legal conclusion.

14.     For its answer to Paragraph 14 of Plaintiff's Complaint, Defendant admits that it attempted to collect a debt from Plaintiff.  Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

/ / /

/ / /

/ / /

3

15.    For its answer to Paragraph 15 of Plaintiff's Complaint, Defendant admits that it attempted to collect a debt from Plaintiff.  Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    For its answer to Paragraph 16 of Plaintiff's Complaint, Defendant admits that it uses mail in the regular course of its business of collecting debts owed to a third party.  Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint at the present time.

18.    For its answer to Paragraph 18 of Plaintiff's Complaint, Defendant asserts that the alleged correspondence speaks for itself.  To the extent that a further response is required, Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint at the present time.

19.    For its answer to Paragraph 19 of Plaintiff's Complaint, Defendant admits that on July 16, 2011 it received correspondence from Plaintiff dated July 12, 2011.  However, Defendant asserts that the alleged correspondence speaks for itself. To the extent that a further response is required, Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint at the present time.

20.    Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore, denies the same at the present time.

21.    Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore, denies the same at the present time.

22.    Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

/ / /

4

23.    Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.    For its answer to Paragraph 24 of Plaintiff's Complaint, Defendant admits that it received correspondence via certified mail from Plaintiff in December of 2011. However, Defendant asserts that the alleged correspondence speaks for itself. To the extent that a further response is required, Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint at the present time.

25.    Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore, denies the same at the present time.

26.    Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.    For its answer to Paragraph 27 of Plaintiff's Complaint, Defendant admits that it attempted to collect a debt from Plaintiff. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.    Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.    Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.    Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 30 of Plaintiff's Complaint and therefore; Defendant denies the same at the present time.

31.    Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

/ / /

/ / /

/ / /

## COUNT I
## VIOLATION OF THE FCDPA 15 U.S.C. § 1692, *et seq.*
### By American

32.    In answering Paragraph 32 of Plaintiff's Complaint, Defendant repeats, re-alleges, and incorporates herein by reference its responses to Paragraphs 1 through 31, above.

33.    Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint as it constitutes a legal conclusion.

34.    In answering Paragraph 34 of Plaintiff's Complaint, Defendant admits that in certain circumstances it may be considered a "debt collector" under the FDCPA.  However, Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint as it constitutes a legal conclusion.

35.    For its answer to Paragraph 35 of Plaintiff's Complaint, Defendant admits that it communicated with Plaintiff via U.S. Mail in an effort to collect a debt.  Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.    For its answer to Paragraph 36 of Plaintiff's Complaint, Defendant admits that it communicated with Plaintiff via U.S. Mail in an effort to collect a debt.  Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.    Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.    For its answer to Paragraph 38 of Plaintiff's Complaint, Defendant asserts that the alleged correspondence speaks for itself.  To the extent that a further response is required, Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint at the present time.

39.    Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

/ / /

40.    Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.    Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.    Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.    Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.    Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.    Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint and therefore; Defendant denies the same at the present time.

46.    Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

## COUNT II
## VIOLATION OF THE ROSENTHAL CAL. *CIVIL CODE* § 17688, *et seq.*
### By American

47.    In answering Paragraph 47 of Plaintiff's Complaint, Defendant repeats, re-alleges, and incorporates herein by reference its responses to Paragraphs 1 through 46, above.

48.    Answering Paragraph 48 of Plaintiff's Complaint, Defendant admits that in certain circumstances it may be considered a "debt collector" under the Rosenthal Act.   However, Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint as it constitutes a legal conclusion.

49.    Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint as they constitute a legal conclusion.

/ / /

/ / /

7

1   50.    For its answer to Paragraph 50 of Plaintiff's Complaint, Defendant
2   admits that it communicated with Plaintiff via U.S. Mail in an effort to collect a
3   debt.  Except as specifically admitted herein, Defendant denies the allegations
4   contained in Paragraph 50 of Plaintiff's Complaint.

5   51.    For its answer to Paragraph 51 of Plaintiff's Complaint, Defendant
6   admits that it communicated with Plaintiff via U.S. Mail in an effort to collect a
7   debt.  Except as specifically admitted herein, Defendant denies the allegations
8   contained in Paragraph 51 of Plaintiff's Complaint.

9   52.    Defendant denies the allegations in Paragraph 52 of Plaintiff's
10  Complaint.

11  53.    For its answer to Paragraph 53 of Plaintiff's Complaint, Defendant
12  asserts that the alleged correspondence speaks for itself.  To the extent that a further
13  response is required, Defendant denies the allegations contained in Paragraph 53 of
14  Plaintiff's Complaint at the present time.

15  54.    Defendant denies the allegations contained in Paragraph 54 of
16  Plaintiff's Complaint.

17  55.    Defendant denies the allegations contained in Paragraph 55 of
18  Plaintiff's Complaint.

19  56.    Defendant denies the allegations contained in Paragraph 56 of
20  Plaintiff's Complaint.

21  57.    Defendant denies the allegations contained in Paragraph 57 of
22  Plaintiff's Complaint.

23  58.    Defendant denies the allegations contained in Paragraph 58 of
24  Plaintiff's Complaint.

25  59.    Defendant denies the allegations contained in Paragraph 59 of
26  Plaintiff's Complaint.

27  60.    Defendant denies the allegations contained in Paragraph 60 of
28  Plaintiff's Complaint.

61.   Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.   Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

## GENERAL DENIAL

63.   Defendant denies all allegations in Plaintiff's Complaint that are not expressly admitted herein, and Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

64.   Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Compliance with Statute)

65.   The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

## THIRD AFFIRMATIVE DEFENSE
### (Actions Were Proper)

66.   As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692, *et. seq.* or *Civil Code* § 1788, *et seq.*

/ / /

/ / /

/ / /

/ / /

9

## FOURTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

67.    As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff.  Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

68.    Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

69.    As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## SEVENTH AFFIRMATIVE DEFENSE

### (Maintained Reasonable FDCPA Procedures)

70.    As a separate, affirmative defense, Defendant alleges that at all times alleged in Plaintiff's Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the FDCPA.

/ / /

/ / /

/ / /

/ / /

10

## EIGHT AFFIRMATIVE DEFENSE

### (FDCPA damages are limited)

71.    As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

## NINTH AFFIRMATIVE DEFENSE

### (Actions Were Privileged and Justified)

72.    As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692k(c), *Civil Code* §1788.12(e), and *Civil Code* § 47.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Specificity of When Action Accrued)

73.    As a separate, affirmative defense, Defendant alleges Plaintiff has not properly alleged the dates of accrual of his cause of action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Attorney's fees)

74.    As a separate, affirmative defense, Defendant alleges Plaintiff Pro Se is not entitled to attorney's fees.

## TWELFTH AFFIRMATIVE DEFENSE

### (Maintained Reasonable FDCPA Procedures)

75.    As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the Fair Debt Collection Practices Act.

/ / /

11

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Rosenthal Act damages are limited)

76.     As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by Civil Code sections 1788.30 and 1788.32.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Defendant May Recover for Plaintiff's Bad Faith Claim)

77.     Plaintiff's Complaint and each purported cause of action alleged therein against Defendant were not brought in good faith and are frivolous. Therefore, the relief requested is precluded and Defendant is entitled to recover its reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent authority pursuant to *California Code of Civil Procedure* sections 128.5 and 128.7, and pursuant to the California Rosenthal Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

78.     Defendant reserves  the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff take nothing by way of Plaintiff's Complaint, that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

/ / /

/ / /

/ / /

/ / /

/ / /

12

1

## **DEMAND FOR JURY TRIAL**

2        PLEASE TAKE NOTICE that Defendant AMERICAN AGENCIES, LLC,

3   demands a jury trial in this case.

4

5   DATED:  February 28, 2013              CARLSON & MESSER LLP

6                                          By: /s/ J. Grace Felipe
                                              Jeanne L. Zimmer
7                                             J. Grace Felipe
                                              Attorneys for Defendant,
8                                             AMERICAN AGENCIES, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         )   ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is:  5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

On **February 28, 2013**, I served the foregoing document described as: **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]  **BY MAIL**:  I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP.  I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]  **ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list).  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **PERSONAL SERVICE BY HAND:** I personally served such document to address stated on POS Service List.

[ ]  **BY FACSIMILE-** I transmitted via telecopier machine such document to the offices of the addressees.

[ ]  **(STATE)**  - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **28th** day of **February, 2013**, at Los Angeles, California.

Kathryn A. Brown

1

**Deon L. Thomas v. American Agencies, LLC**
**Our File No. 07417.00**

2

3

4   Deon L. Thomas                                **Plaintiff Pro Se**
    14626 Red Gum Street
5   Moreno Valley, CA  92555
    Phone:  (951) 413-9071
6   Email: Dlthomas32@gmail.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28